# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLEVERN A. GRANGER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-148** |
| **ERIC BLANDFORD, ET AL.** | **SECTION "A"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Clevern A. Granger, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

In this lawsuit, plaintiff asserts numerous claims arising from his arrest and subsequent prosecution on state criminal charges. He named as defendants Eric Blandford, Carol Kiff, Churita Hansell, Paul D. Connick, Jr., Tracy Sheppard, Richard Tompson, Rafael F. Salcedo, Richard Richoux, Edward Elvir, Newell Normand, and John Molaison, Jr. All of the defendants are sued in their individual capacities.

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that the complaint be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

## II. Plaintiff's Claims

### A. Eric Blandford

Plaintiff's first claim is that, on March 7, 2009, Jefferson Parish Deputy Eric Blandford broke into plaintiff's residence, searched him without consent or a warrant, arrested him on false charges, used excessive force to effect that arrest, refused him medical treatment for his resulting injuries, and stole money from his wallet. However, all of these claims were clearly prescribed by the time this lawsuit was filed.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

"[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008); La. Civ. Code Ann. art. 3492. All of the claims against Blandford accrued in 2009, more than two years before this lawsuit was filed in 2012. See Wallace v. Kato, 549 U.S. 384 (2007); Jones v. Pillow, 189 Fed. App'x 304, 306 (5th Cir. 2006); Quatrevingt v. Thibodeaux, Civ. Action No. 10-4047, 2011 WL 2182104, at *4 (E.D. La. May 2, 2011), adopted, 2011 WL 2182069 (E.D. La. June 2, 2011); Packnett v. Klein, Civ. Action No. 11-436, 2011 WL 1793269, at *2 (E.D. La. Feb. 28, 2011), adopted, 2011 WL 1807268 (E.D. La. May 10, 2011); McCloud v. Jarus, Civ. Action No. 09–0121, 2010 WL 103684, at *6-7 (E.D. La. Jan. 7, 2010); Jordan v. Strain, Civ. Action No. 09–3565, 2009 WL 2900013, at *2 (E.D. La. Aug. 28, 2009). Prescribed claims are properly dismissed as legally frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.

### B. Carol Kiff and John Molaison, Jr.

Plaintiff has also sued Commissioner Carol Kiff and Judge John Molaison, Jr., for actions they took in plaintiff's state criminal proceedings in the Louisiana Twenty-Fourth Judicial District Court. However, Commissioner Kiff and Judge Molaison are protected against such claims by their absolute judicial immunity.

It has long been held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are

alleged to have been done maliciously or corruptly." Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871); see also Brandley v. Keeshan, 64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of authority is flawed by grave procedural errors" or where the judge "took action maliciously or was in excess of his authority"); Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981) ("[W]e can envision no situation – where a judge acts after he is approached *qua* judge by parties to a case – that could possibly spawn a successful § 1983 suit."). The United States Supreme Court has explained: "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11 (1991). Further, judicial immunity is clearly applicable in federal civil rights cases. Stump v. Steward, 435 U.S. 349, 356 (1978); Pierson v. Ray, 386 U.S. 547, 554-55 (1967).

The Supreme Court has recognized only two instances in which judicial immunity is inapplicable:

> [O]ur cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

Mireles, 502 U.S. at 11-12 (citations omitted). Neither of those exceptions applies in this case.

Regarding the first exception, the Supreme Court has explained:

> The relevant cases demonstrate that the factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

Stump, 435 U.S. at 362. The acts at issue here, presiding over plaintiff's state criminal proceedings, obviously involved a function normally performed by a judicial officer. Further, plaintiff was clearly dealing with Commissioner Kiff and Judge Molaison in their judicial capacities.

Regarding the second exception, there is no question that Commissioner Kiff and Judge Molaison had jurisdiction over plaintiff's criminal proceedings.

Accordingly, for the foregoing reasons, the claims against Commissioner Kiff and Judge Molaison are barred by their absolute judicial immunity.

### C. Churita Hansell and Paul D. Connick, Jr.

Plaintiff has also sued Assistant District Attorney Churita Hansell and District Attorney Paul D. Connick, Jr., for actions taken in plaintiff's state criminal prosecution. Those claims clearly must be dismissed.

The claims against Hansell are barred by her absolute prosecutorial immunity. Prosecutorial immunity protects Hansell against claims based on her "actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted).

The claims against Connick also fail. As to any claims against Connick based on his own actions or inactions in the state criminal prosecution, he is likewise protected by absolute

prosecutorial immunity. On the other hand, to the extent that plaintiff is merely seeking to hold Connick vicariously liable for Hansell's actions, such claims are not permitted in federal civil rights actions. "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008).

### D. Tracy Sheppard and Richard Tompson

Plaintiff next named his public defender, Tracy Sheppard, and her superior, Richard Tompson, as defendants in this action. However, those claims must be dismissed because public defenders are not state actors liable under § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); see also Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988) ("[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); Ellison v. De La Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (ineffective assistance of counsel claims brought against appointed counsel in a § 1983 suit must fail "for want of any action under color of state law").[2]

---

[2] The Court recognizes that claims against such attorneys for engaging in a conspiracy with state actors are cognizable in a § 1983 action. See, e.g., Mills, 837 F.2d at 679. That said, plaintiff is not asserting such a conspiracy claim. However, even if plaintiff's allegations were somehow construed as asserting a conspiracy claim, his allegations are conclusory at best. Conclusory allegations of conspiracy fail to state a § 1983 cause of action. Small v. Dallas County, Texas, 170

Moreover, to the extent that the claim against Tompson is based on a theory of vicarious liability, such claims are not cognizable for the reasons previously explained.

### E. Rafael F. Salcedo and Richard Richoux

Plaintiff has also sued Rafael F. Salcedo and Richard Richoux. These defendants were appointed by the state court in plaintiff's criminal proceedings to evaluate his mental status, and plaintiff claims that they wrongly diagnosed him as having a mental illness. Even if the Court assumes that these defendants are state actors, a fact that is not clear from plaintiff's allegations, no viable § 1983 claims have been stated against them. Plaintiff's claims are essentially ones for negligence or malpractice, and such claims simply are not cognizable pursuant to § 1983. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Accordingly, plaintiff's claims against Salcedo and Richoux should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

### F. Edward Elvir

Plaintiff has also named Jefferson Parish Deputy Edward Elvir as a defendant in this lawsuit. Plaintiff claims that, on July 15, 2009, Elvir covered plaintiff's microphone during a court proceeding, told him to "shut up," and violently removed him from the courtroom. Even if those

---

Fed. App'x 943, 944 (5th Cir. 2006); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992)

claims were otherwise cognizable, which is questionable at best, plaintiff waited too long to assert them. As noted previously in this opinion, federal civil rights claims in Louisiana must be asserted within one year of accrual. Elvir's alleged acts occurred in 2009, and this lawsuit was not filed until 2012. Accordingly, the claims against Elvir were prescribed at the time of filing and must, therefore, be dismissed as frivolous.

## G. Newell Normand

Lastly, plaintiff has sued Jefferson Parish Sheriff Newell Normand for the acts of his subordinates. As previously noted, the alleged acts of the subordinates occurred more than one year before the lawsuit was filed, and so any claim against Normand based on those same acts are prescribed for the same reasons previously discussed. Moreover, as also explained above, a superior officer cannot be held vicariously liable in a federal civil rights lawsuit for the acts of his subordinates. Therefore, the claim against Normand likewise fails for that reason alone.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this tenth day of April, 2012.

                                              **DANIEL E. KNOWLES, III**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.